IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUARANTEED RATE, INC., | ) |
| | ) Case Number: 22 CV 2342 |
| | ) |
| Plaintiff, | ) Judge: Robert W. Gettleman |
| | ) |
| v. | ) Magistrate Judge: Jeffrey Cummings |
| | ) |
| EIRIK RORVIG and NATIONS LENDING CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**GUARANTEED RATE, INC.'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Guaranteed Rate, Inc. ("Plaintiff" or "GRI") respectfully submits this Motion for Leave to File an Amended Complaint (the "Motion"). The proposed Second Amended Complaint is attached as Exhibit A. In support of its Motion, Sonrai states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit is the result of the efforts of Defendants Eirik Rorvig ("Rorvig") and Nations Lending Corporation ("Nations") (collectively, "Defendants") to pilfer employees from, among other departments, GRI's Midwest Division. (Dkt. 6 ¶¶ 1, 88.) GRI's Midwest Division covers Illinois, Wisconsin, Michigan, Minnesota, Ohio, Kentucky, Missouri, Indiana, West Pennsylvania, North Dakota, South Dakota, Kansas, and Nebraska.

GRI is one of the nation's top residential mortgage lenders, and GRI employs loan officers across the country to offer residential mortgage loans to consumers. (Dkt. 6 ¶ 15.) One of those loan officers is Rorvig, the former Producing Branch Manager in Wisconsin, who was responsible for procuring customers for the sale of mortgage loans to be secured by residential

1

real estate. (*Id*. ¶ 27.) He reported to Timothy Dowling ("Dowling"), GRI's former Midwest Regional Manager, until Dowling resigned from GRI to join Nations. (*Id*. ¶¶ 5, 30, 72.) Dowling ran GRI's Midwest Division from Schaumburg, Illinois, and McHenry County, Illinois. (*Id*. ¶ 30; Dkt. 6, Exs. E-G.)

With Dowling and the encouragement of Nations, and in violation of Rorvig's Producing Branch Manager Compensation Plan and Agreement with GRI, Rorvig solicited employees to join Nations from his former GRI team and used GRI's confidential information to do so. (*Id*. ¶¶ 42-53.) These actions caused a mass departure of numerous GRI employees from GRI's Midwest Region, including Illinois-based branches, to resign from GRI to join Nations. (Dkt. 6 at ¶¶ 5-6, 49-53, 95.)

GRI filed its Complaint against the Defendants on May 4, 2022. (Dkt. 1.) In doing so, GRI asserts that Rorvig breached his Agreement with GRI, breached his fiduciary duties to GRI, and misappropriated GRI's trade secrets. GRI also asserts claims against Nations for tortiously interfering with Rorvig's and Dowling's Agreements with GRI and tortiously inducing Rorvig and Dowling to breach their fiduciary duties to GRI. (Dkt. 6.) On July 11, 2022, Defendants Rorvig and Nations moved to dismiss the action, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), by raising potential issues regarding the Court's personal jurisdiction over Nations. (Dkt. 13, 14.) In response, GRI moved for jurisdictional discovery on July 22, 2022, which was granted by the Court on September 13, 2022. (Dkt. 19, 25.) GRI completed jurisdictional discovery on February 16, 2023. (Dkt. 40.)

Jurisdictional discovery and subsequent business developments revealed new facts that support GRI's claims against Rorvig and Nations and support the Northern District of Illinois'

21685004 v1

jurisdiction over this litigation. Specifically, since the filing of the First Amended Complaint, GRI learned:

- Nations (1) has three office locations in the Chicagoland area (Evanston, Niles, and Schaumburg); (2) has a Vice-President/Regional Manager (former GRI employee, Timothy Dowling ("Dowling")) who lives in Illinois and whose job duties include, and whose compensation is based on, the success and profitability of Nations' "Midwest Region," which includes Illinois; and (3) hired multiple GRI employees who live and work out of Illinois.

- Between March 2021 and March 2022, Nations (1) generated tens of millions of dollars in loans and several hundred thousands of dollars in fees as a result of doing business in Illinois; and (2) sent several hundred thousand marketing and advertising pieces to its Illinois customers.

- Nations sent numerous solicitation communications to GRI employees. Specifically, between January 1, 2022 and March 31, 2022, Nations sent 545 solicitation communications to GRI employees, approximately 100 of whom are located in Illinois.

- Additionally, Nations encouraged, induced, and/or incentivized Rorvig and other former GRI employees to provide "wish lists" of GRI employees that they wanted to solicit to work with them at Nations, among other facts that support GRI's claims against the Defendants.

- When Rorvig told Nations that providing a "wish list" of GRI employees would violate his contractual obligations to GRI, Nations essentially told Rorvig that it did not care about GRI's agreements. Nations, then, encouraged Rorvig to move forward with creating and providing the "wish list" to Nations, which Rorvig did.

- Rorvig compiled his "wish list" of GRI employees by using his knowledge of and access to GRI's confidential information about employee compensation, contact information, benefits, training, hiring techniques, and other personnel matters.

- Further, with encouragement from Nations, Dowling sent email and text messages to GRI employees soliciting the GRI employees to leave GRI and join Nations, in violation of the duties and obligations he owes GRI pursuant to his employee agreements. Nations knew about these text messages as well as the obligations that Dowling owed GRI.

- Another former GRI employee, Katie Dorece, left GRI in February 2022 to join Nations as a senior recruiter. Despite the duties and obligations she owes GRI under her employee agreement, she solicited approximately 100 GRI employees to leave GRI for Nations via email communications.

- As a result of Nations', Rorvig's, and other former GRI employees' efforts, numerous employees left GRI for Nations, including the following: Richard Demonica ("Demonica"), a senior vice president of strategic growth in Illinois who worked with Dowling at GRI; members of Demonica's Illinois-based team; Michael Curtain and his entire Illinois-based

- branch; Greg Griffin ("Griffin"), a senior vice president of strategic growth in Illinois; and members of Griffin's Illinois-based team.

- Demonica and Griffin were each responsible for the recruitment of their teams, and upon information and belief, Demonica was responsible for the recruitment of Michael Curtain's entire Illinois branch.

- GRI's losses to Nations (so far) include six (6) branch and area managers, twenty (20) loan officers, and 15 various operations and sales staff such as production managers, recruiters, loan coordinators, and sales assistants.

- Nations was copied on cease-and-desist letters that GRI sent to Richard Demonica (July 7, 2022), Brian Augustine (July 7, 2022), Greg Griffin (July 7, 2022), and Christian White (September 15, 2022), reminding them of their post-employment obligations to GRI. Despite these letters, Nations continues its encouragement, inducement, and/or incentivization of its employees' violations of the duties they owe to GRI, even after the filing of this lawsuit.

- The improper solicitation of GRI employees by Rorvig and Nations, has persisted through at least September 15, 2022.

Accordingly, GRI now moves to amend its First Amended Complaint to add claims related to the above facts, which both bolsters GRI's claims and establishes personal jurisdiction over the Defendants. Based on the above facts, GRI also added claims for misappropriation of trade secrets against Nations. Defendants Rorvig and Nations will not be prejudiced by the proposed amendment because the case is still in its early stages, and general discovery has not yet begun. Also, the proposed amendment is not futile because the additional allegations provide additional support and elaborate on the claims asserted in the First Amended Complaint. For these reasons, GRI's Motion should be granted.

## ARGUMENT

### I. Legal Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Seventh Circuit has adopted a liberal policy with respect to amendments to pleadings so that cases may be decided 'on the merits and not on the basis of technicalities.'" *Clark v. Underwriters Mgmt.*

4

21685004 v1

*Corp.*, No. 98-cv-4084, 2003 WL 21148420, at *8 (N.D. Ill. May 16, 2003) (quoting *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977)). Because a "complaint merely serves to put the defendant on notice[,] [it] is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989).

Accordingly, Courts may deny an amendment only "where there is undue delay, bad faith, dilatory motive, a repeated failure to cure deficiencies, undue prejudice to the opponent, or where the amendment would be futile." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). Such denials are disfavored. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Indeed, courts in this district regularly grant motions for leave to amend a complaint. *See Chaudhry v. Cmty. Unit Sch. Dist. 300 Bd. of Educ.*, No. 20-CV-50381, 2022 WL 910544 at *3 (N.D. Ill. Mar. 29, 2022) (granting motion for plaintiffs to file third amended complaint); *D.A.N. Joint Venture III, L.P. v. Touris*, No. 18-CV-0349, 2022 WL 488926 (N.D. Ill. Feb. 17, 2022) (same).

Because this motion is brought in good faith and with no dilatory motive, and since there is no undue delay or prejudice and the amendments to the Complaint are not futile, this Court should grant GRI's Motion.

II.     **There Is No Undue Delay Or Prejudice.**

First, leave to amend should be granted because this case is in its very early stages, and there will be no undue delay or prejudice to Defendants. Where an action is in an early stage, an amended complaint will not result in undue delay or prejudice to the defendants. *See Dubicz v. Commonwealth Edison Co.,* 377 F.3d 787, 793 (7th Cir. 2004) (delay alone insufficient reason to deny motion to amend without showing of undue prejudice to opposing party); *see also Wilson v.*

5

21685004 v1

*Grundfos,* No. 16-CV-349, 2017 WL 5001472, at *1 (N.D. Ill. Nov. 2, 2017) ("Delay on its own is usually not reason enough for a court to deny a motion to amend.").

While jurisdictional discovery relating to the issue of whether the Northern District of Illinois has jurisdiction over the Defendants was completed on February 16, 2023, general discovery has not yet begun in this matter. No other discovery has been exchanged, and no initial status conference date or a trial date has been established. Likewise, the Court has not yet set any deadline for the parties to make amendments to the pleadings. Where, like here, discovery has yet to begin, courts do not hesitate to grant a motion for leave to amend because it will not prejudice the defendants. *See, e.g., Apex Colors, Inc. v. Chemworld Int'l Ltd.,* No. 2:14-CV-273-PRC, 2015 WL 13818691, at *5 (N.D. Ind. Apr. 8, 2015) (finding no prejudice where "discovery deadline has not yet been set and there are no trial settings"); *West v. Indianapolis Pub. Transp. Corp.*, No. 115CV00821TWPTAB, 2016 WL 1270209, at *2 (S.D. Ind. Apr. 1, 2016) (finding no prejudice where parties had yet to prepare for a case management conference or commence in discovery); *Guardian Media Techs., Ltd. v. Amazon.com, Inc.,* No. CV138369PSGPLAX, 2015 WL 13916612, at *3-*4 (C.D. Cal. Mar. 5, 2015) (finding a "mild delay" in seeking leave to amend did not prejudice defendant where "[d]iscovery ha[d] not started").

Rather, the proposed amendments to the Complaint will benefit all parties by expanding the original basis for GRI's claims, clarifying Nations' role in the trade secret misappropriation, and solidifying the Defendants' contacts with Illinois. As such, the proposed amendments clarify GRI's claims. *See, e.g., Wielgos v. Commonwealth Edison Co.*, No. 84 C 1222, 1987 WL 7499, at *3 (N.D. Ill. Feb.27, 1987) (granting leave to amend where amendment sought to "simplify and clarify plaintiff's cause of action"). Moreover, this motion is GRI's first request

for leave to amend its Complaint.[1] Because the request to amend is prompt and the case is still in the early stages of litigation, justice would be furthered by allowing GRI to amend its complaint to add factual allegations. Accordingly, this factor weighs in favor of granting leave to amend.

### III. The Proposed Amendments Are Not Futile.

The proposed Second Amended Complaint is also not futile. Futility exists only "when the new pleading would not survive a motion to dismiss." *Ashford v. Zma*, No. 18 CV 50312, 2020 WL 2041324, at *2 (N.D. Ill. Apr. 28, 2020) (quoting *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013)). "[I]t should be certain from the face of the complaint that any amendment would be futile or otherwise unwarranted before leave to amend is denied." *Id.* (citations omitted). The allegations in the Second Amended Complaint include the same causes of action as in the First Amended Complaint but add even more specificity to GRI's allegations. Also, the additional allegations regarding Nations' misappropriation of trade secrets clarify that Nations participated in the misappropriation along with Rorvig. Further, the proposed amendments bolster GRI's allegations of the Defendants' contacts with Illinois. Therefore, the proposed amendments are not futile, and GRI's Motion should be granted.

### IV. There Is No Bad Faith Or Dilatory Motive.

Finally, there is no evidence of bad faith or dilatory motive on the part of GRI. Here, as stated in the foregoing, GRI has simply added factual allegations to supplement its allegations for the same causes of action asserted in the First Amended Complaint. Many of these allegations involve facts discovered through jurisdictional discovery and business developments that occurred after the Complaint was filed, and GRI is moving to amend shortly after becoming

---

[1] The first amendment to the Complaint was filed two days after the original Complaint to revise a drafting error.

7

21685004 v1

aware of these new facts. Accordingly, GRI's motion for leave to file an Amended Complaint should be granted.

## CONCLUSION

WHEREFORE, GRI respectfully requests that the Court grant its Motion for Leave to File an Amended Complaint and permit GRI to file the Second Amended Complaint attached hereto as Exhibit A.

Dated: March 14, 2023
/s/ J. Scott Humphrey
J. Scott Humphrey
Katie M. Burnett
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive
Suite 1600
Chicago, IL 60606-4637
Telephone: 312-212-4940
shumphrey@beneschlaw.com
kburnett@beneschlaw.com

*Counsel for Guaranteed Rate, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 14, 2023, I electronically filed foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to each of the attorneys who filed an appearance in this case.

                                          /s/ J. Scott Humphrey
                                  *One of the Attorneys for Plaintiff*

21685004 v1