IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUARANTEED RATE, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 22 CV 2342 |
| ) | |
| v. ) | Judge Robert W. Gettleman |
| ) | |
| EIRIK RORVIG and NATIONS LENDING ) | |
| CORPORATION ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Guaranteed Rate, Inc. ("GRI") brings a seven-count first amended complaint against defendants Eirik Rorvig ("Rorvig") and Nations Lending Corporation ("Nations") (collectively, "defendants"). Counts I, II, III, and VII against Rorvig allege breach of contract, breach of fiduciary duty, and violations of the Defend Trade Secrets Act, 18 U.S.C. § 1832, and Wisconsin Trade Secrets Act, Wis. Stat. § 134.90. Counts V and VI against Nations allege tortious interference with contract and tortious inducement of breach of fiduciary duty.

On July 11, 2022, defendants moved to dismiss plaintiff's first amended complaint (Doc. 13), which remains pending, and on July 22, 2022, plaintiffs moved for leave to conduct jurisdictional discovery (Doc. 19), which the court granted. The parties completed jurisdictional discovery on February 16, 2023. Plaintiff now moves for leave to file a second amended complaint (Doc. 42), and defendant moves for relief (Doc. 45) for alleged violations an agreed confidentiality order entered on October 25, 2022 (Doc. 30). For the reasons discussed below, plaintiff's motion to file its second amended complaint is granted (Doc. 42), and plaintiff is directed to file a redacted motion and second amended complaint in light of defendant's motion (Doc. 45).

1

**BACKGROUND**

As this court outlined in its prior ruling, Guaranteed Rate, Inc. v. Rorvig, No. 22 CV 2342, 2022 WL 4182436 (N.D. Ill. Sept. 13, 2022), plaintiff is a residential mortgage loan lender organized under Delaware law, with its headquarters in Illinois. Defendant Rorvig, a citizen of Wisconsin, worked for plaintiff from December 2019 until his resignation on December 23, 2021. In January 2022, Rorvig began working at defendant Nations, which is an Ohio corporation, with its headquarters in Ohio.

In its first amended complaint, plaintiff sues defendants for allegedly "misusing GRI confidential information and systematically, methodically, and purposefully pilfering entire groups of GRI employees." Plaintiff alleges that Rorvig misused plaintiff's confidential information to improperly solicit plaintiff's employees to resign and begin employment at Nations. Similarly, plaintiff alleges that Nations tortiously interfered with plaintiff's employee's contracts and induced plaintiff's employees to breach their fiduciary duties, by knowingly and intentionally encouraging and inducing former and current GRI employees, including Rorvig, to breach their obligations to plaintiff.

On July 22, 2022, defendants moved to dismiss plaintiff's first amended complaint. This motion remains pending before the court. Defendants argue that the court lacks personal jurisdiction over Nations because Nations is an Ohio corporation with no alleged conduct directed at Illinois. Further, defendants argue that plaintiff fails to state a claim against them because plaintiff's contractual and common law claims rely on conclusory allegations, and its trade secrets claims are not based on confidential information. On September 13, 2022, the court granted plaintiff's motion for leave to conduct limited jurisdictional discovery to determine whether Nations has sufficient ties with Illinois to establish personal jurisdiction. The court

authorized plaintiff to conduct discovery regarding Nations' services, customers, and revenues in Illinois, as well as Nations' employees and their contact with plaintiff's employees.

According to plaintiff, "[j]urisdictional discovery and subsequent business developments revealed new facts that support GRI's claims against Rorvig and Nations and support [this court's] jurisdiction over this litigation." Plaintiff learned that Nations has: three office locations in Illinois; hired several of plaintiff's employees who live and work out of Illinois; generated substantial amounts of revenue in loans and fees as a result of doing business in Illinois; and sent substantial amounts of marketing and advertising materials to its Illinois customers. Further, according to plaintiff, between January 2022 and the end of March 2022, Nations sent "solicitation communications" to approximately 100 of plaintiff's employees in Illinois.

On March 14, 2023, plaintiff moved for leave to file its second amended complaint to incorporate the above jurisdictional allegations, and to support its existing claims with additional allegations and claims based on information "discovered through jurisdictional discovery and business developments that occurred after the Complaint was filed." Plaintiff seeks to add claims of misappropriation of trade secrets against Nations, and allegations that Nations encouraged Rorvig and other former employees of plaintiff to provide "wish lists" of its employees, in violation of their contractual obligations. According to plaintiff, Rorvig compiled his wish list using his knowledge of and access to plaintiff's confidential information about employee compensation, contact information, training, and hiring techniques.

After responding to plaintiff's motion for leave to file its second amended complaint on April 4, 2023, Nations filed a motion on April 27, 2023, for relief from alleged violations of the parties' agreed confidentiality order. According to Nations, plaintiff's motion and proposed second amended complaint include information extracted from a document that Nations

3

produced with an "attorneys'-eyes only" designation. This information roughly indicates the magnitude of Nations' revenue from loans and fees, as well as advertising and marketing, in Illinois, which Nations argues is confidential information derived directly from materials produced or adduced in the course of discovery. Nations argues that plaintiff should have challenged the document's "attorneys'-eyes only" designation with the court, filed redacted versions of its submissions, or provisionally filed under seal.

## DISCUSSION

The court begins by granting in part and denying in part defendant's motion for relief from plaintiff's alleged violations of the parties' agreed confidentiality order.

Under the order, the parties can designate confidential information as "attorneys'-eyes only" when the party has a reasonable and good faith belief that the document contains "highly sensitive information the disclosure of which the designating party reasonably believes would result in substantial competitive, commercial, or financial harm to the designating party or its personnel." Where the court finds a party to be in violation of a discovery order, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). An order for attorneys' fees or other sanctions may be "unjust" when the party's conduct was harmless. See, e.g., Malibu Media, LLC v. Harrison, No. 1:12-CV-0117-WTL, 2014 WL 5598769, at *5 (S.D. Ind. Nov. 3, 2014).

In the instant case, the court agrees with Nations that plaintiff should have filed a motion with the court if plaintiff sought to challenge its "attorneys'-eyes only" designation, but the court also agrees with plaintiff that its alleged violation is, at most, a "high-level estimation." The

4

court does not find that plaintiff's estimation is a "disclosure" of highly sensitive information, because plaintiff's "disclosure" was harmless. As plaintiff argues, Nations does not persuasively argue that plaintiff's "disclosure" caused it harm, or is likely to cause harm, because Nations did not mention the alleged violation in its response to plaintiff's motion for leave to file its second amended complaint (which contained the alleged "disclosure"), and Nations waited over three weeks after the alleged disclosure to move for relief.

Even if plaintiff violated the agreed confidentiality order (which the court does not conclude that it did), Nations' actions do not justify the relief that it seeks. If Nations truly believed that it was entitled to sought in the form of sealed or redacted filings, it should have withdrawn its motion when plaintiff offered to file accordingly. In any case, the court directs plaintiffs to file redacted versions of its filings because it has indicated its willingness to do so, and because plaintiff's argument that the information is publicly available using simple math is not entirely persuasive.

The court next evaluates plaintiff's motion for leave to file a second amended complaint. Plaintiff seeks to add additional jurisdictional allegations, and "claims related to the above facts, which both bolster[ ] [its] claims and establish[ ] personal jurisdiction over the Defendants."

Federal Rule of Civil Procedure 15(a)(2) instructs district courts to grant leave to amend "when justice so requires." Rule 15(a)(2) is intended to reflect a liberal attitude toward the amendment of pleadings, but a court has discretion to deny leave to amend when there is undue delay, bad faith, or dilatory motive, or when allowing the amendment would result in futility or undue prejudice to the opposing party. See Park v. City of Chi., 297 F.3d 606, 612 (7th Cir. 2002). The party seeking the amendment carries the burden of proof to show that no prejudice will result to the non-moving party. See King v. Cooke, 26 F.3d 720, 724 (7th Cir. 1994).

Plaintiff argues that justice requires leave to file a second amended complaint. Plaintiff argues that defendants will not be prejudiced by the proposed amendments because the case is still early in litigation, without discovery on the merits or a pretrial conference date. Further, plaintiff argues that amendment is not futile because the additional allegations support and elaborate upon the claims asserted in its first amended complaint, and bolster Nations' contacts with Illinois in good faith.[1]

First, the court agrees with plaintiff that the additional jurisdictional allegations in its proposed second amended complaint are not futile, because they are sufficient to establish personal jurisdiction over Nations. By establishing that defendants solicited, or encouraged the solicitation of, 100 of plaintiff's Illinois-based employees, and succeeded in soliciting some of them, plaintiff has provided a nexus between defendants' allegedly tortious conduct directed at Illinois and the effects of its conduct. The fact that Nations has three offices in Illinois, and targeted its marketing and advertising at Illinois-based customers, bolsters the court's conclusion. The court is persuaded that plaintiff's additional proposed allegations and claims against Nations for misappropriation of trade secrets clarify why plaintiff believed that this court had personal jurisdiction over Nations in the first place, because they clarify the relationship between Rorvig and Nations, and link their allegedly tortious conduct.

Next, the court agrees with plaintiff that its proposed amendments, even if delayed, do not unduly prejudice defendants. The Seventh Circuit has determined that delay alone is insufficient to deny a party's motion to amend without a showing of undue prejudice to the opposing party. See Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 793 (7th Cir. 2004).

---

[1] For example, plaintiff alleges that "the proposed amendments to the Complaint will benefit all parties by expanding the original basis for GRI's claims, clarifying Nations' role in the trade secret misappropriation, and solidifying the Defendants' contacts with Illinois."

6

There is minimal prejudice to the opposing party when merits discovery has not yet begun. See, e.g., West v. Indianapolis Pub. Transp. Corp., No. 115CV00821TWPTAB, 2016 WL 1270209, at *2 (S.D. Ind. Apr. 1, 2016).

While it is true, as defendants argue, that the parties have conducted extensive jurisdictional discovery in this case, it is also true that plaintiff's proposed amendments clarify the court's jurisdiction, and defendants themselves sought to extend discovery by four months. Moreover, it is likely that the proposed amendments will expand merits discovery only minimally, if at all, given that they add Nations as a party to existing claims against Rorvig, and Rorvig and Nations are so interconnected that discovery will overlap. As plaintiff argues, its proposed allegations "revolve around those that already existed in the Complaint and do not alter either party's theory of liability or damages."

Defendants' last argument is that plaintiff's amended claims and additional factual allegations do nothing to cure the deficiencies that form the foundation for defendants' pending motion to dismiss for failure to state a claim. For example, defendants argue that plaintiff's claims against Rorvig for improper use of "confidential" information (Counts I, VI, and VII) fail because compensation information is not "confidential" under either plaintiff's contracts with its employees or Illinois law. Further, defendants argue that plaintiff's claim based on Rorvig's non-solicitation obligations (Count II) fails because it is conclusory, and its claims against Nations for tortious interference, and Rorvig for breach of fiduciary duty, are not warranted under state law (Counts III, IV and VI).

An amended complaint is futile when the new pleading merely restates the same facts using different language, reasserts a claim previously determined, fails to state a valid theory of liability, or could not survive a motion to dismiss. See Bower v. Jones, 978 F.2d 1004, 1008 (7th

7

Cir. 1992). A court could properly deny a motion to amend when it is "certain from the face of the complaint" that any amendment would be futile. See <u>Ashford v. Zma</u>, No. 18 CV 50312, 2020 WL 2041324, at *2 (N.D. Ill. Apr. 28, 2020).

In this case, the court agrees with plaintiff that it is not clear from the face of the complaint that its proposed complaint would not survive a motion to dismiss. Defendants' arguments otherwise rely on factual disputes that are better addressed at a later stage of litigation. Moreover, defendants present no compelling evidence that plaintiff acted with bad faith or dilatory motive. The court acknowledges defendants' concern that plaintiff stepped beyond the limited, court-authorized scope of jurisdictional discovery in certain instances, but the line between jurisdictional discovery and discovery on the merits is generally thin, and there is a high degree of overlap in this case, where the claims and parties are interconnected. Consequently, plaintiff's motion for leave to file its second amended complaint is granted.

## **CONCLUSION**

For the reasons set forth above, plaintiff's motion for leave to file its second amended complaint (Doc. 42) is granted. Further, the court grants in part and denies in part defendant Nations' motion for relief under the agreed confidentiality order (Doc. 45). Accordingly, plaintiff is directed to file redacted versions of its filings by May 30, 2023. The court declines to award defendants' request for attorneys' fees. Defendants' pending motion to dismiss plaintiff's first amended complaint (Doc. 13) is denied without prejudice as moot in light of plaintiff's second amended complaint, and defendants are directed to answer or otherwise respond to plaintiff's first amended complaint by June 20, 2023.

      **ENTER:**

      *[signature]*
      **Robert W. Gettleman**
      **United States District Judge**

**DATE: May 25, 2023**